# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JULIE SEFTON, an individual, | Case No.: 2:10-cv-00961-RLH-PAL |
| Plaintiff, | **O R D E R** |
| vs. | (Motion for Temporary Restraining Order–#3) |
| AMERICAN BROKER CONDUIT, a Business Entity, form unknown; CAPITAL FUNDING GROUP, a Business Entity, form unknown; FIRST AMERICAN TITLE INSURANCE, a Business Entity, form unknown; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., a Business Entity, form unknown, and DOES 1–100 inclusive, | |
| Defendants. | |

Before the Court is Plaintiff Julie Sefton's *ex parte* **Motion for Temporary Restraining Order** (#3), filed June 18, 2010.

### BACKGROUND

Julie Sefton, who is representing herself in this action, financed the home at 6940 Caspian Term Street, Las Vegas, Nevada, with a mortgage secured by the home. On August 13, 2006, she refinanced the home with an adjustable-rate mortgage. Sefton claims the purpose of the loan was for her to "eventually build and own the subject property." (Dkt. #1, Compl. ¶ 29.) The

1

1  new mortgage included a monthly payment fixed for one month with a "teaser" interest rate of
2  1.475%. After the first month, the rate adjusts monthly. Sefton claims that neither the fully
3  indexed interest rate on the loan (8.33%) nor the maximum rate (10.55%) were ever disclosed to
4  her at any time, and that one or more of the Defendants "intentionally concealed the negative
5  implications of the loan they were offering[.]" (*Id.* ¶ 20.) By the thirty-ninth month of the loan
6  term, she alleges, her monthly payment "had more than quadrupled" from an initial monthly
7  payment of $861.71. (*Id.*  ¶ 3.) Sefton alleges the terms of the loan with Defendant American
8  Broker Conduit "are not clear or conspicuous, nor consistent," and that she would not be able to
9  refinance out of the high rate or consolidate the loans into one loan due to a lack of equity. She
10 alleges the terms of the loan "are such that she can never realistically repay" it. (*Id.* ¶ 23.)

11             On June 18, 2010, Sefton sued Defendants by filing a Complaint in this Court
12 alleging the following claims: (1) declaratory relief; (2) injunctive relief; (3) "determine nature,
13 extent and validity of lien"; (4) contractual breach of good faith and fair dealing; (5) violation of
14 the Truth in Lending Act ("TILA"); (6) violations of the Real Estate Settlement and Procedures
15 Act ("RESPA"); (7) rescission; (8) fraud; (9) violations of the Unfair and Deceptive Acts and
16 Practices ("UDAP"); (10) breach of fiduciary duty; (11) unconscionability; (12) predatory lending;
17 (13) quiet title; and (14) lack of standing.

18             In her motion for a temporary restraining order, Sefton seeks an order that would
19 restrain Defendants from "[t]ransferring any interest by sale, pledge, or grant of security interest, or
20 otherwise disposing of, or encumbering" the property "until October 18, 2010." (Dkt. #3, Mot. for
21 Temp. Restraining Order 2.) In neither her motion for a temporary restraining order nor her
22 Complaint does Sefton state that a foreclosure sale is imminent or even scheduled, but she states
23 that she has been threatened with the loss of her home.

24                                      **DISCUSSION**

25             In order to obtain a temporary restraining order or a preliminary injunction, a
26 plaintiffs must establish that: (1) she is likely to succeed on the merits, (2) she is likely to suffer

AO 72
(Rev. 8/82)

1  irreparable harm in the absence of preliminary relief, (3) the balance of equities tips in her favor,
2  and (4) an injunction is in the public interest. *Sierra Forest Legacy v. Rey*, 577 F.3d 1015, 1021
3  (9th Cir. 2009) (citing *Winter v. Natural Res. Def. Council, Inc.*, 129 S.Ct. 365, 374 (2008)).

4  Sefton has failed to show she is likely to succeed on the merits on any of her causes
5  of action. In her Complaint, she alleges, among other things, that one or more Defendants
6  intentionally concealed material terms of the loan and inappropriately qualified her to receive the
7  loan knowing she would never actually be able to pay it off. But to qualify for the extraordinary
8  remedy that is a temporary restraining order, a plaintiff must not merely allege wrongdoing, but
9  must also actually establish, through evidence, that she is likely to prevail on the merits of one or
10 more of her claims, such that restraining the sale or transfer of her home would be justified.
11 Plaintiff has not submitted any evidence, such as a sworn affidavit or a copy of the underlying loan
12 documents with specific references to them, showing that she is likely to prevail on one or more of
13 her claims. While her allegations against Defendants, if true, are troubling to the Court, Plaintiff
14 must do more than merely make allegations. She must prove that she is likely to prevail, and she
15 has not done so.

## CONCLUSION

Accordingly, and for good cause appearing,

IT IS HEREBY ORDERED that Plaintiff's Motion for Temporary Restraining Order (#3) is DENIED.

Dated: June 29, 2010.

_____
ROGER L. HUNT
Chief United States District Judge

AO 72
(Rev. 8/82)