UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JULIE SEFTON, an individual, | Case No.: 2:10-cv-00961-RLH-PAL |
| Plaintiff, | **O R D E R** |
| vs. | (Motion to Dismiss–#8; Motion to Dismiss–#11) |
| AMERICAN BROKER CONDUIT, a Business Entity, form unknown; CAPITAL FUNDING GROUP, a Business Entity, form unknown; FIRST AMERICAN TITLE INSURANCE, a Business Entity, form unknown; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., a Business Entity, form unknown, | |
| Defendants. | |

  Before the Court is Defendant First American Title Insurance Company's ("First American") **Motion to Dismiss** (#8), filed July 28, 2010, and Defendant Mortgage Electronic Registration System, Inc.'s ("MERS") **Motion to Dismiss** (#11), filed August 27, 2010. Plaintiff Julie Sefton has not opposed either of these motions.

  Both motions to dismiss argue that Sefton has failed to allege facts sufficient to state a claim for relief under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Specifically, both First American and MERS argue that Sefton's claims are either time-barred or otherwise fail as a matter of law. These parties therefore ask the Court to dismiss her claims against them.

1    Local Rule 7-2(d) provides that failure to file points and authorities in opposition to
2 a motion constitutes consent that the motion be granted. *Abbott v. United Venture Capital, Inc.*,
3 718 F. Supp. 828, 831 (D. Nev. 1989). Courts have long held that a district court's local rules
4 have the force of law equal to the federal rules or acts of Congress. *United States v. Hvass*, 355
5 U.S. 570, 574-75 (1958); *see also Weil v. Neary*, 278 U.S. 160, 169 (1929); *Marshall v. Gates*, 44
6 F.3d 722, 723 (9th Cir. 1995). The United States Supreme Court itself has upheld the dismissal of
7 a matter for failure to respond under the local court rules. *Black Unity League of Ky. v. Miller*,
8 394 U.S. 100, 100-01 (1969). As such, Sefton's failure to oppose First American and MERS'
9 motions constitutes consent that the motions be granted. Accordingly, the Court grants the
10 motions and dismisses her claims against both First American and MERS.

11    Accordingly, and for good cause appearing,

12    IT IS HEREBY ORDERED that Defendant First American's Motion to Dismiss
13 (#8) is GRANTED. First American is therefore dismissed from the case.

14    IT IS FURTHER ORDERED that Defendant MERS' Motion to Dismiss (#11) is
15 GRANTED. MERS is therefore dismissed from the case.

16    Dated: January 3, 2011

_____
ROGER L. HUNT
Chief United States District Judge